IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**NICOLE MOSCINSKI**
5315 Little Bluestem Dr.
McFarland, WI 53558

        Plaintiff,        Case No:  18-cv-283

v.

**CORRECT CARE SOLUTIONS, LLC**
c/o Corporate Creations Network Inc.
4650 W. Spencer St.
Appleton, WI 54914

        Defendant.

# COMPLAINT

1.    Plaintiff, Nicole Moscinski, worked as a mental health professional for Correct Care Solutions, LLC (Correct Care) in the Dane County Jail from January 2015 to March 2018. During her employment, Plaintiff was denied wages under an illegal pay policy which required her to punch out for meal periods although she was not permitted to leave the premises and was regularly prevented from taking her meal break. As a result of this unlawful practice, Plaintiff was denied her regular and overtime wages.

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.* The Court has

subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Wisconsin because the events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Nicole Moscinski, is an adult resident of the state of Wisconsin. Plaintiff was employed by Defendant as a mental health professional from January 2015 to March 2018. Plaintiff's signed consent form is filed as Exhibit A to this Complaint and is incorporated herein.

5. Defendant, Correct Care, is a foreign LLC with its principal office at 1283 Murfreesboro Road, Suite 500, Nashville, Tennessee. Correct Care's registered agent for service is Corporate Creations Network Inc. at 4650 W. Spencer Street, Appleton, Wisconsin.

6. At all times material to this Complaint, Correct Care was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d), and Wis. Stats. §§ 103.001(6) and 109.07(2).

7. Correct Care is an enterprise engaged in commerce within the meaning of 29 USC § 203(s)(1).

8. Plaintiff was an employee of Correct Care within the meaning of 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

9. Defendant provides medical and behavioral health services for partners,

including detention centers and correctional facilities.

10. Defendant employed Plaintiff as a mental health professional in the Dane County Jail from January 2015 to March 7, 2018.

11. In her role, Plaintiff's job duties included providing mental health services to individuals at the Dane County Jail.

12. Upon information and belief, Defendant had a contract with the Dane County Jail that required one of its mental health professionals to be on the premises and available 24 hours a day.

13. During her employment, Plaintiff was required to punch out for a meal break whenever she worked a shift over six hours. However, Plaintiff was not permitted to leave the premises during her meal breaks when she was the only mental health professional on duty.

14. When on a meal break, Plaintiff was required to keep a radio with her at all times and respond immediately to any calls. As a result, Plaintiff was frequently interrupted during her meal break. She was required to punch back in if she was interrupted during her meal break but was not paid for the shortened break prior to the interruption.

15. Defendant terminated Plaintiff's employment on March 7, 2018 for not turning in a form to state she had missed her meal break. Plaintiff did not turn in this form because it was in a locked room and she was unable to access the form.

16. Plaintiff regularly worked more than 40 hours per workweek.

### FIRST CAUSE OF ACTION:
### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF THE FLSA

17. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

18. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

19. An employee who is required to perform duties, whether active or inactive, during a meal break, is not relieved from duty and those meal breaks are compensable work time under the FLSA, per 29 C.F.R. § 785.19(a).

20. During the applicable statute of limitations, Plaintiff performed work in excess of 40 hours per week without receiving overtime compensation, including, but not limited to, time spent working during her unpaid half hour meal period.

21. This practice violates the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiff has suffered a wage loss.

22. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

### SECOND CAUSE OF ACTION:
### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF WISCONSIN LAW

23. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

24. Wis. Admin. Code § DWD 272.04(1)(c) requires an employer, such as

Correct Care, to pay employees for "on-duty" meal periods.

25. At all relevant times, Defendant required Plaintiff to remain on-duty during her unpaid meal breaks and failed to pay her for those breaks regardless of whether Plaintiff was free from work for at least 30 minutes.

26. At all relevant times, Defendant's policy did not permit Plaintiff to leave the premises during her unpaid meal breaks.

27. Plaintiff was required to remain "on-duty" during her meal periods and was not compensated for the 30-minute meal period.

28. As a result of Defendant's failure to pay Plaintiff wages for these "on-duty" meal periods, Defendant has violated, and continues to violate, Wis. Stats. §§ 103.03 and 109.03 and Wis. Admin. Code § DWD 272.04.

29. Plaintiff seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

30. Plaintiff seeks damages in the amount of the unpaid wages and overtime wages earned and due as provided by Wis. Stats. §§ 103.02 and 109.03 and Wis. Admin. Code § DWD 272.04, and any penalties due under Wis. Stat. § 109.11 as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding her:

A. The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

      B.      The overtime wage compensation owed to Plaintiff under Wis. Stats. §§ 103.03 and 109.03 for the two-year time period prior to the commencement of this action;

      C.      Liquidated damages in an amount equal to the amount awarded to her as overtime wage compensation, as provided in 29 U.S.C. § 216(b);

      D.      Penalties due under Wis. Stat. § 109.11;

      E.      All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

      F.      Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the FLSA.

Dated: April 19, 2018.

**HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff*

By: /s/ David C. Zoeller
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236